## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KERY McGIRT,

     Petitioner,

v.

                                          CASE NO.   8:03-CV-2272-T30-MAP

BRIAN K. HENDRICKSON, et al.,

     Respondent.

_____/

## ORDER

Petitioner, KERY McGIRT ("Petitioner" or "McGIRT"), a Florida prison inmate proceeding *pro se*, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 (Dkt. 1) challenging his state convictions arising out of the Sixth Judicial Circuit Court for Pinellas County, Florida, case number 97-19839CF.  The Respondents have responded (Dkt. 12), and Petitioner has replied (Dkt. 23).

A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition and there are only a few operative facts that control the court's decision in this case.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective April 24, 1996,

"a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See* <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003).

"In the post AEDPA era, [federal habeas courts] do not conduct an independent review of claims that have been addressed on the merits by the state courts." <u>Breedlove v. Moore</u>, 279 F.3d 952, 959  (11th Cir. 2002).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States;
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision.  <u>Wright v. Sec. Dep't of Corrs.</u>, 278 F.3d 1245, 1255

(11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Esparza, 540 U.S. at 17 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Packer, 537 U.S. 3, 8 (2002); Esparza, 540 U.S. at 17; Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. at 411.  A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams v. Taylor, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti, 537 U.S. at 25; Esparza, 540 U.S. at 18; Price v. Vincent, 538 U.S. at 639.  Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 542 U.S. 649, 652 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider

evidence not presented to state court in determining whether its decision was contrary to federal law).

## Discussion

Since Petitioner filed his petition after the AEDPA was enacted, his petition is subject to the AEDPA's provisions.  A state court initially considered the issues raised in the petition and entered a decision on the merits, therefore § 2254(d) governs the review of Petitioner's claim.  *See* Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Ground One**:          **Whether the trial court committed fundamental error by giving an improper or incomplete jury instruction on entrapment, even though the Defendant did not object to the instruction at trial, thus violating Petitioner's Fifth and Fourteenth Amendments to the United States Constitution.**

In Ground One, Petitioner contends that the state erred by giving the standard jury instruction on the defense of entrapment.  Issues of jury instructions are matters of state law, and are not under the purview of this court in a 28 U.S.C. § 2254 motion.  It is not the province of the federal courts to re-examine state-court determinations on state-law questions.  In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  As stated *supra* Petitioner has the burden of showing that the state court unreasonably interpreted or applied federal law.

Petitioner's 3.850 motion, and habeas petition cite the Florida Supreme Court's decision in <u>Munoz v. State</u> to support Petitioner's argument in Ground One. <u>Munoz v. State</u>, 629 So.2d 90 (Fla. 1993).  The Florida Supreme Court based its opinion in <u>Munoz v. State</u>, in part, on the federal standard for entrapment. <u>Munoz</u>, 629 So.2d at 99-100.  Therefore, although Petitioner did not cite any federal cases or make Constitutional claims in his 3.850, Petitioner cited a state case decision that relied on federal law.  (Dkt. 1; Dkt. 12, Ex. 1).

At issue is the propriety of instructing the jury based on an approved Standard Jury Instruction that did not reflect a change in the applicable law.  Florida's Supreme Court has determined that giving such an instruction is not fundamental error.  <u>Holiday v. State</u>, 753 So. 2d 1264 (Fla. 2000).

In <u>Holiday</u>, the Florida Supreme Court reasoned that although the standard instruction on entrapment at issue failed to accurately explain the shifting burdens of proof, there was no constitutional infirmity in the old standard instruction because there was no denial of due process to place the burden of [proving entrapment] on the defendant. <u>Holiday</u>, 753 So. 2d at 1269.  The Florida Supreme Court also cited <u>Herrera v. State</u>, 594 So. 2d 275 (Fla. 1992), for the proposition that it is not unconstitutional to place the burden on a defendant to prove that he or she was entrapped. <u>See</u> <u>Holiday</u>, 753 So. 2d at 1270 ("[W]e hold that it was not fundamental error to give the pre-modified standard instruction on entrapment even though such instruction did not accurately reflect the burden of proof analysis set forth by this

Court in <u>Munoz</u>."). <u>Id.</u>

The reasoning of the Florida Supreme Court is not an unreasonable application of federal law.  Therefore, the trial court's reliance on the standard jury instruction, likewise, does not constitute an unreasonable application of federal law. Accordingly, Petitioner is not entitled to relief on this claim.

Therefore, Ground One will be denied.

## Ineffective Assistance of Counsel Claims Raised in Grounds Two - Eight

The trial court cited <u>Strickland v. Washington</u>, to reject Petitioner's ineffective assistance of counsel claims. (Resp. Ex. 6, p.1).  Therefore, in order to obtain relief on these ineffective assistance of counsel claims, Petitioner must establish that the state trial court incorrectly and unreasonably applied the <u>Strickland</u> standard in reaching its determination that the claims raised in his Rule 3.850 motion lacked merit.

To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  Deficient performance is defined in <u>Strickland</u> as performance which is objectively unreasonable under prevailing professional norms. <u>Id.</u> at 688.  The deficient performance must also be shown to prejudice the defense.  Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.

The <u>Strickland</u> standard requires both prongs to be met in order for a court to grant relief, therefore if this Court determines that Petitioner has made an insufficient showing as to one prong, the Court is not required to analyze the second prong. <u>Strickland</u>, 466 U.S. at 697.  Moreover, an evidentiary hearing does not need to be conducted if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel. <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559, (11th Cir. 1991); <u>Diaz v. U.S.</u>, 930 F.2d 832, 834 (11th Cir. 1991).

**Ground Two:       Whether defense counsel was ineffective for failing to object or request sufficient jury instructions, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.**

Defendant alleges defense counsel was ineffective for failing to object when the jury was given the allegedly incorrect jury instruction on entrapment. (Dkt. 1, p. 5).  Defense counsel is not deficient for failing to object to a standard jury instruction that has not been invalidated by the Florida Supreme Court. <u>Thompson v. State</u>, 759 So.2d 650, 665 (Fla. 2000).  Even where a jury instruction is later invalidated, counsel is not deemed ineffective for not objecting to the standard jury instruction approved by the Florida Supreme Court at the time it was given.  <u>See</u> <u>Waterhouse v. State</u>, 792 So.2d 1176, 1196 (Fla. 2001); <u>Downs v. State,</u> 740 So. 2d 506, 518 (Fla. 1999).

Although the jury instructions at the time of Petitioner's trial may not have been in compliance with the Florida Supreme Court's decision in <u>Munoz v. State,</u>

defense counsel was relying on the current standard jury instructions for entrapment. A defendant may not claim that counsel was ineffective for failing to anticipate a change in the law before it is announced.  *See* United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001).  The trial court properly applied Strickland in determining that Petitioner has failed to show defense counsel was deficient.  Therefore, Ground Two will be denied.

**Ground Three:   Whether defense counsel rendered ineffective assistance of counsel by failing to request disclosure of the confidential informant's identity, thus violating Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.**

Petitioner asserts that defense counsel was ineffective for failing to request disclosure of the identity of the confidential informant (hereinafter referred to as "C.I.").  Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." United States v. Chandler, 218 F.3d 1305, 1314 (11th Cir. 2000)(*quoting* Strickland, 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." Adams v.Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment.

According to applicable Florida case law, the C.I.'s presence during the drug transaction does not compel disclosure. State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985).  Defense counsel's decision not to seek disclosure of the C.I. can be considered trial strategy and is within the range of legal professionalism.

Even if defense counsel were deficient for failing to request disclosure of the C.I., as the trial court states, Petitioner has not demonstrated prejudice. (Dkt. 12, Ex. 6, pp. 2- 3).   While Petitioner claims that the C.I.'s testimony would support Petitioner's entrapment claim, Petitioner offers no evidence supporting this conclusion.   Petitioner has not shown that but for defense counsel's actions the result would have been different.  This Court finds that the state court denied this claim through a proper application of the Strickland standard.

Ground Three will be denied.

**Ground Four:**      **Whether defense counsel rendered ineffective assistance of counsel, when counsel failed to obtain a copy of the electronic surveillance taken at the scene, in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.**

The trial court held an evidentiary hearing to determine whether electronic surveillance existed. After hearing testimony, the trial court determined that although the vice officers had body bugs, there was no recorded audio or video electronic surveillance. (Dkt. 12, Ex. 13, p.1).  This finding of fact must be accepted by this Court.  Defense counsel was not ineffective for failing to obtain surveillance that did not exist.

Petitioner has not shown that defense counsel was deficient, nor can Petitioner demonstrate that the result of his trial would have been different but for counsel's alleged inaction.  Defense counsel was not acting outside the professional norm when counsel failed to secure evidence that was shown not to exist.  Therefore, the trial court correctly applied <u>Strickland</u> when it determined that defense counsel could not be deemed deficient for failing to request evidence based on a meritless and frivolous claim.

Ground Four will be denied.

**Ground Five:** **Whether defense counsel rendered ineffective assistance of counsel, by failing to object to the state's witness, when the officer improperly bolstered his credibility as a police officer.**

Petitioner claims that the state's witness, a police officer, bolstered his testimony by stating, "[b]ut like I said before, as a police officer and as an experienced detective, I have never sent somebody to jail without first doing a presumptive test on the narcotics that I either found on their person or purchased from them." (Dkt. 12, Ex. 25, pp. 80-81.).

As the trial court determined, the witness's standing and statements regarding his job as a police officer are not objectionable because there was no suggestion that this witness was more believable because he was a police officer.  Defense counsel cannot be deemed ineffective for failing to make a meritless objection.  Even if counsel had objected, it is likely the trial court would not have found the

statement to rise to the level of bolstering.   Further, this is a matter of state evidentiary rules and does not rise to the level of a federal Constitutional violation. Petitioner has not shown that if defense counsel had objected, the result of the proceeding would have been different.

Ground Five will be denied.

**Ground Six:**  **Whether defense counsel rendered ineffective assistance of counsel, by failing to object to the prosecutor's improper remarks during closing arguments?**

**Ground Seven:**  **Whether defense counsel rendered ineffective assistance of counsel, by failing to object to the prosecutor's improper remarks during closing argument concerning Petitioner's defense theory.**

Both Grounds Six and Seven allege ineffective assistance of counsel based on defense counsel's failure to object to the prosecutor's allegedly improper statements during closing argument, therefore these grounds will be addressed together.

Petitioner asserts that the prosecutor's comment:

"Ladies and gentlemen of the jury, I'll go back to the point I argued to you a couple of moments ago.  I submit to you, that the defendant told you more, not so much about his conduct in connection with these charges, but his attitude about whether or not – his attitude about telling the truth when he told you in his testimony that he just disregarded the truth when it was advantageous.  Misrepresent – he walked away, laughing.  I submit to you as jurors in this case, that you should not leave the defendant walking away from your verdict laughing.  That verdict should be guilty as charged." (Dkt. 12, Ex. 25, p. 237).

was an improper comment, which violated Petitioner's due process rights.

Petitioner also complains about this comment by the prosecutor:

> What is it on his closing argument that the Defense propounds to you?  Two things.  One, that he did not sell cocaine at all.  And then a hundred and eighty degrees away on his own version of the facts as propounded to you, but if he did, it was entrapment.  And I suggest to you that by virtue of the fact that  – they had advanced two so highly inconsistent arguments to you.  I mean the Defense can do that.  They are entitled to advance highly inconsistent arguments.  I argue to you that reflects the terrible weakness of both of them.  Let me advance theory A.  Don't like that one, try theory B. The fact that they had to resort to two is an indication neither one of them is very good.  (Dkt. 12, Ex. 25 pp. 231-32).

To amount to a constitutional violation, the prosecutor's remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Id. at 644.  Federal case law regarding closing statements is the same as Florida law, see e.g., Darden v. Wainwright, 477 U.S. 168, 179-183 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S.  at 643). Closing argument is intended to "assist the jury in analyzing, evaluating and applying the evidence."  United States v. Pearson, 746 F.2d 787, 796 (11th Cir. 1984).  Thus, the prosecutor is not limited to a bare recitation of the facts; he may "comment" on the evidence, id. at 796, and may "state his contention as to the conclusions the jury should draw from the evidence." United States v. Johns, 734 F.2d 657, 663 (11th Cir. 1984).

    In Petitioner's evidentiary hearing, defense counsel testified that he did not believe that the Prosecutor's comments attacked Petitioner's veracity. (Dkt. 12, Ex. 10  pp. 161-62).  But defense counsel did admit that the prosecutor's statement could be interpreted as an unfair comment on Petitioner's character. (Dkt. 12, Ex. 10, p. 21).  Petitioner has not shown that defense counsel was deficient for failing to object to statements by the prosecutor.  Regardless, to the extent that counsel did

not object to any prosecutorial comments during closing argument that were improper, the trial court's determination that Petitioner is not entitled to relief is a reasonable application of Strickland. Strickland, 466 U.S. at 697.

Therefore, Grounds Six and Seven will be denied.

**Ground Eight:     Whether defense counsel rendered ineffective assistance of counsel by failing to file a motion for judgment of acquittal after the state's witness perjured his testimony.**

Petitioner claims that defense counsel was ineffective for failing to file a motion for judgment of acquittal after the state's key witness, Detective Raymond Craig, allegedly perjured his testimony.  Petitioner refers to Detective Craig's trial testimony on the issue of conducting a field test on the piece of rock cocaine that Petitioner sold to him.  Petitioner argues that the Detective's testimony regarding the test was material to the jury's determination of whether the substance was cocaine.

Contradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference or prove that the prosecution knowingly presented perjured testimony.  Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir.1991).

See also United States v. Holladay, 566 F.2d 1018, 1019 (5th Cir.1978) ("Presentation of a witness who recants or contradicts his prior testimony is not to be confused with eliciting perjury.") While the use of perjured testimony to obtain a conviction may be grounds for vacation of the conviction, the petitioner has the burden of establishing that the testimony was false; that it was material; and that it was knowingly and intentionally used by the government to obtain a conviction.

Oyler v. Taylor, 338 F.2d 260 (10th Cir. 1964); Lister v. McLeod, 240 F.2d 16 (10th Cir. 1957); Ryles v. United States, 198 F.2d 199.   Conclusory allegations to this effect are not sufficient. Early v. United States 309 F.Supp. 421 (D.C. Kansas 1969).

An evaluation of Detective Craig's testimony shows that he admitted he could not specifically remember performing a presumptive field test on the piece of rock cocaine the Petitioner sold to him, but that he always tests narcotics at the scene as a matter of routine practice. (Dkt. 12, Ex. 25, p. 54-56).   Detective Craig also explained that all seized narcotics are tested again at the vice and narcotics office and the cocaine was likely tested twice in Petitioner's case. (Dkt. 12, Ex 25, p. 55). Nevertheless, the state established the chain of custody and proved through lab analysis results that the "rock" seized from Petitioner tested positive for cocaine. (Dkt. 12, Ex. 25, p. 80-81).   Petitioner has failed to show predjudice.   Given the subsequent lab test, the lack of a field test would not have changed the result of the proceeding.

Even if the field test and lab test had concluded the substance was only purported by Petitioner to be cocaine, the sale would still have been illegal. According to Florida Statutes Section 817. 563 titled "Controlled Substance Named or Described in s. 893. 03; Sale of Substance in Lieu thereof" it is unlawful to sell to any person a controlled substance or any other substance in lieu of a controlled substance.   Fla. Stat. 817.563 (2006).

Therefore,  the trial court did not unreasonably apply <u>Strickland</u> in rejecting this claim.  Accordingly, Ground Eight will be denied.

## CONCLUSION

After a review of the State's response and amended response to Petitioner's Rule 3.850 motion and holding an evidentiary hearing, the trial court denied Petitioner's claims.  In so doing, the trial court correctly applied the  <u>Strickland v. Washington</u>  standard.

Petitioner has failed to establish he is entitled to federal habeas relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:03-CV-2272-T30-MAP, Dkt. 1) is **DENIED**.

2.      The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE